# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1547V
Filed: October 15, 2019
UNPUBLISHED

| | |
|---|---|
| PAULETTE FALBO,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jessica Ann Wallace, Siri & Glimstad, LLP, New York, NY*, for petitioner.
*Julia Marter Collison, U.S. Department of Justice, Washington, DC*, for respondent.

### DECISION AWARDING DAMAGES[1]

**Corcoran**, Chief Special Master:

On October 5, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury caused-in-fact by the influenza vaccination she received on September 26, 2017. Petition at ¶¶ 3, 14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 20, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for her shoulder injury. On October 7, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $115,354.00, representing $115,000.00 for actual and projected pain and suffering and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$354.00 for actual unreimbursable expenses.  Proffer at 1-2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $115,354.00, representing $115,000.00 for actual and projected pain and suffering and $354.00 for actual unreimbursable expenses in the form of a check payable to petitioner, Paulette Falbo.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                        **s/Brian H. Corcoran**
                                        Brian H. Corcoran
                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PAULETTE FALBO, | ) |
| Petitioner, | ) |
| v. | ) No. 18-1547V |
| | ) Chief Special Master Corcoran |
| | ) ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| Respondent. | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 5, 2018, Paulette Falbo ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered left shoulder pain as a result of an influenza ("flu") vaccine administered on September 26, 2017.  On September 20, 2019, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.

**I.    Items of Compensation**

A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $115,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    <u>Unreimbursable Expenses</u>

Evidence supplied by petitioner documents petitioner's unreimbursable expenses as a result of her vaccine injury.  Respondent proffers that petitioner should be awarded

unreimbursable expenses in the amount of $354.00, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

II.     **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $115,354.00, representing compensation for pain and suffering ($115,000.00), and past unreimbursable expenses ($354.00), in the form of a check payable to petitioner, Paulette Falbo.

III.    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Paulette Falbo:                             **$115,354.00**

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

---

[1]     Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

        <u>/s/ Julia M. Collison</u>
        JULIA M. COLLISON
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Ben Franklin Station
        Washington, DC 20044-0146
        Tel:    (202) 305-0102

Dated:       October 7, 2019