# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1547V
(not to be published)

| | |
|---|---|
| PAULETTE FALBO,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Administrative Billing |

*Jessica Ann Wallace*, Siri & Glimstad, LLP, New York, NY, for Petitioner.

*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 5, 2018, Paulette Falbo ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury caused-in-fact by the influenza vaccination she received on September 26, 2017. (Petition at ¶¶ 3, 14). On October 15, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 26).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed a motion for attorney's fees and costs, dated December 5, 2019, (ECF No. 33), requesting a total award of $22,173.03 (representing $21,531.70 in fees and $641.33 in costs). In accordance with General Order #9 Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 31). Respondent reacted to the motion on December 6, 2019 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 34). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## **ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## **ATTORNEY FEES**

A. Hourly Rates

Petitioner requests the following rates for counsel in this matter: attorney Aaron Siri, the rates of $376 for 2017 and $390 for 2018; for attorney Jessica Wallace, the rate of $300 for 2018 and $311 for 2019; and for the paralegals, the rates of $145 for 2017, $150 for 2018 and $156 for 2019. (ECF No. 33).

i.   Aaron Siri

Mr. Siri has previously been awarded the rate of $376 for time billed in 2016 and $390 for time billed in 2017. *See Barry v. Sec'y of Health & Human Servs.,* No. 12-039V, 2016 (Fed. Cl. Spec. Mstr. October 24, 2016). As these rates have been previously awarded to Mr. Siri, I find no reason to reduce and award the requested rates herein.

ii.   Jessica Wallace

Petitioner states that Ms. Wallace graduated from law school in 2007, then proceeded to work as a paralegal from 2009 – 2017 at a law firm whose "focus was on vaccine injury litigation." (*Id.* at 11). In May 2018, Ms. Wallace took and passed the state bar exam in New York and becoming a licensed attorney. (*Id.*) Ms. Wallace's requested rates of $300 and $311 exceed the range for attorneys with less than four years' experience based on the Attorney's Forum Hourly Rate Schedule.[3] The rate schedule explains that an attorney's experience range "will be calculated based on the year an attorney was admitted to the bar." Office of Special Masters Attorneys' Forum Hourly Rate Schedule at footnote 6; *Russell v. Sec'y of Health & Human Servs.,* No. 16-1091V, 2018 WL 3989456 (Fed. Cl. Spec. Mstr. July 17, 2018) (explaining that the Office of Special Masters generally calculates attorney experience beginning from when an attorney first becomes licensed to practice, and not when they achieve a Juris Doctorate).

Ms. Wallace was a licensed attorney for less than two years at the time this motion was filed. I therefore find a reduction of her requested rates to be appropriate. However, given Ms. Wallace's paralegal experience with prior vaccine cases, I find that a rate on the higher end of her appropriate experience range to be reasonable. I award Ms. Wallace

---

[3] The Attorney's Forum Hourly Rate Schedules for years 2015 – 2019 can be found at http://www.uscfc.uscourts.gov/node/2914

the rates of $195 for time billed in 2018 and $205 for time billed in 2019. This reduces the request for attorney fees in the amount of **$4,834.80**.[4]

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, clerical and secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Examples of these tasks include the following:

- January 29, 2018 (0.30 hrs) "Download and Save VAERS Data";
- August 8, 2018 (0.40 hrs) "Format and upload remaining medical records received from Northport into dropbox file";
- September 25, 2018 (0.50 hrs) "Organize record files to correlate with petition";
- October 5, 2018 (1.70 hrs) "Prepare copy of initial filing for service on Secretary of Health & Human Services";
- October 9, 2018 (0.10 hrs) "Phone call to Clerk's office to follow-up on filing of petition; Clerk confirmed it had been uploaded and will complete the filing process."

ECF No. 33-1 at 3, 11, 17 and 18.

The above listed tasks will not be reimbursed, and the request for fees is reduced by **$549.00**.[5]

## ATTORNEY COSTS

Petitioner requests $641.33 in overall costs.  (ECF No. 33). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have

---

[4] This amount consists of ($300 - $195 = $105 x 20 hrs = $2,100.00) + ($311 - $205 = $106 x 25.8 hrs = $2,734.80) = $4,834.80.  Petitioner's motion states that Ms. Wallace billed 19.6 hrs in 2018, however upon review of the billing invoices it was calculated that Ms. Wallace had actually billed 20 hours in 2018.

[5] This amount consists of (0.80 hrs x $150 = $120.00) = (2.2 hrs x $195 = $429.00) = $549.00.

reviewed the requested costs and find them to be reasonable and shall award the requested amount in full.

## **CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby **GRANT IN PART** Petitioner's Motion for attorney's fees and costs. I award a total of **$16,789.23** (representing $16,147.90 in fees and $641.33 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

                                                      **s/Brian H. Corcoran**
                                                      Brian H. Corcoran
                                                      Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.